UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SELWYN KARP, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VOYAGER THERAPEUTICS, INC., STEVEN M. PAUL, G. ANDRE TURENNE, JANE HENDERSON, ALLISON DORVAL, DINAH SAH, and OMAR KHWAJA,<br><br>Defendants. | Case No.  2:21-cv-00381-ERK-AYS |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF OLEG KHOKHLOV FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................................1

STATEMENT OF FACTS ......................................................................................................2

ARGUMENT.........................................................................................................................4

        A.       KHOKHLOV SHOULD BE APPOINTED LEAD PLAINTIFF...........................4

                1.       Khokhlov Is Willing to Serve as Class Representative .............................5

                2.       Khokhlov Has the "Largest Financial Interest" .........................................5

                3.       Khokhlov Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ...................................................................6

                4.       Khokhlov Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses......................................9

        B.       LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED .................................................................................................9

CONCLUSION....................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*, 17-CV-10085,
 2018 U.S. Dist. LEXIS 57591 (S.D.N.Y. Apr. 4, 2018)............................................................7

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
 141 F.R.D. 229 (S.D.N.Y. 1992) .............................................................................................8

*Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN),
 2018 WL 3093965 (S.D.N.Y. June 21, 2018) .........................................................................6

*Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS),
 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018)..........................................................................8

*Fischler v. AMSouth Bancorporation*, No. 96-1567-Civ-T-17A,
 1997 WL 118429 (M.D. Fla. Feb. 6, 1997) .............................................................................7

*Foley v. Transocean Ltd.*,
 272 F.R.D. 126 (S.D.N.Y. 2011) .............................................................................................8

*Gluck v. CellStar Corp.*,
 976 F. Supp. 542 (N.D. Tex. 1997) ..........................................................................................7

*In re Cendant Corp. Litig.*,
 264 F.3d 201 (3d Cir. 2001).....................................................................................................6

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007)........................................................................6, 10

*In re Drexel Burnham Lambert Grp., Inc.*,
 960 F.2d 285 (2d Cir. 1992).....................................................................................................7

*In re Molson Coors Brewing Co. Sec. Litig.*,
 233 F.R.D. 147 (D. Del. 2005) ...............................................................................................10

*In re Olsten Corp. Sec. Litig.*,
 3 F. Supp. 2d 286 (E.D.N.Y. 1998) ......................................................................................6, 7

*In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS),
 2008 WL 2811358 (S.D.N.Y. July 7, 2008) ............................................................................7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
 182 F.R.D. 42 (S.D.N.Y. 1998) ...............................................................................................7

*Janbay v. Canadian Solar, Inc.*,
    272 F.R.D. 113 (S.D.N.Y. 2010) ...................................................................................8

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ....................................................................................7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
    311 F.R.D. 373 (S.D.N.Y. 2015) ................................................................................10

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
    1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ...............................................................5, 6

*Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN),
    2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017)...............................................................6

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) ..................................................................................6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008)..........................................................................10

### Statutes

15 U.S.C. § 78u-4(a)(3)(B)(iii) ................................................................................ *passim*

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ......................................................................................1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ...............................................................................9

15 U.S.C. § 78u-4(a)(3)(B)(v) ............................................................................................9

PSLRA ......................................................................................................................1, 5, 9, 10

### Rules

Federal Rules of Civil Procedure Rule 23 ............................................................. *passim*

Movant Oleg Khokhlov ("Khokhlov") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Khokhlov as Lead Plaintiff on behalf of a class consisting of all persons other than the above-captioned defendants ("Defendants") who purchased or otherwise acquired Voyager Therapeutics, Inc. ("Voyager" or the "Company") securities between June 1, 2017 and November 9, 2020, both dates inclusive (the "Class Period") (the "Class"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The Complaint in the above-captioned action (the "Action") alleges that Defendants defrauded investors in violation of the Exchange Act. Voyager investors, including Khokhlov, incurred significant losses following the disclosure of the alleged fraud, which caused the prices of Voyager securities to fall sharply, damaging Khokhlov and other Voyager investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In connection with his purchases of Voyager securities during the Class Period, Khokhlov incurred losses of approximately $9,328. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") A. Accordingly, Khokhlov believes that he has the largest financial interest in the relief sought in the Action.

1

Beyond his considerable financial interest, Khokhlov also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Khokhlov has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Khokhlov respectfully requests that the Court enter an order appointing him as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the Complaint in the Action, Voyager, a clinical-stage gene therapy company, focuses on the development of treatments for patients suffering from severe neurological diseases.  Included in the Company's preclinical programs is VY-HTT01 for Huntington's Disease.  Voyager represents that VY-HTT01 is intended to work by knocking down HTT expression in neurons and astrocytes in the striatum and cortex (discrete regions in the brain that can be targeted with adeno-associated virus ("AAV") gene therapy delivered directly into the brain), thereby reducing the level of toxicity associated with mutated protein in these brain regions, and slowing the progression of cognitive and motor symptoms.

On June 1, 2017, Voyager issued a press release announcing that it had selected VY-HTT01 as a lead clinical candidate for the treatment of Huntington's disease.  The press release

also indicated that, "[p]reclinical pharmacology and toxicology studies [were] underway with VY-HTT01 to support filing of an investigational new drug (IND) application in 2018."

In September 2020, Voyager submitted an investigational new drug ("IND") application for VY-HTT01 for the treatment of Huntington's disease to the United States Food and Drug Administration ("FDA").

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company's VY-HTT01 IND submission to the FDA lacked key information regarding certain chemistry, manufacturing and controls ("CMC") matters, including, *inter alia*, drug-device compatibility and drug substance and product characterization; (ii) the Company's IND submission for VY-HTT01 was therefore deficient; (iii) the Company had thus materially overstated the likelihood of FDA approval for VY-HTT01 based on the IND submission; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.

On October 12, 2020, Voyager issued a press release disclosing that it "has received feedback from the [FDA] on the [IND] submission for VY-HTT01 for the treatment of Huntington's disease." Specifically, Voyager advised investors that it "has been notified that the IND was placed on clinical hold pending the resolution of [CMC] matters."

Then, on November 9, 2020, Voyager issued a press release announcing the Company's third quarter 2020 financial results and corporate updates. In the press release, the Company disclosed that, with respect to its IND application for VY-HTT01, "Voyager recently received

3

written feedback from the FDA requesting additional information on specific CMC topics, including drug-device compatibility and drug substance and product characterization."

On this news, Voyager's stock price fell $2.60 per share, or 23.21%, to close at $8.60 per share on November 10, 2020.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiff in the Action and other Class members have suffered significant losses and damages.

## ARGUMENT

### A.    KHOKHLOV SHOULD BE APPOINTED LEAD PLAINTIFF

Khokhlov should be appointed Lead Plaintiff because he has the largest financial interest in the Action to his knowledge and otherwise meets the requirements of Rule 23.   Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiffs in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

4

(cc) otherwise satisfies the requirements of Rule 23 of the Federal
Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Khokhlov satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. Khokhlov Is Willing to Serve as Class Representative

On January 23, 2021, Pomerantz, counsel for the plaintiff in the Action, caused a notice to be published over *PR Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced that a securities class action had been filed against Defendants, and advised investors in Voyager securities that they had until March 24, 2021—*i.e.*, 60 days from the date of the Notice—to file a motion to be appointed as Lead Plaintiff.  *See* Lieberman Decl., Ex. B.

Khokhlov has filed the instant motion pursuant to the Notice and has submitted a signed Certification attesting that he is willing to serve as a representative for the Class, and provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C.  Accordingly, Khokhlov satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. Khokhlov Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Khokhlov has the largest financial interest of any Voyager investor or investor group seeking to serve as Lead Plaintiff.  For claims arising under federal securities laws, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants*

*Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997). In accord with other courts nationwide,[1] these *Lax* factors have been adopted and routinely applied by courts in this judicial district. *See, e.g.*, *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-*8 (E.D.N.Y. Mar. 2, 2007).

During the Class Period, Khokhlov: (1) purchased 21,000 shares of Voyager securities; (2) expended $315,148 on his purchases of Voyager securities; (3) retained 10,000 of his shares of Voyager securities; and (4) as a result of the disclosures of the fraud, suffered a loss of $9,328 in connection with his Class Period purchases of Voyager securities. *See* Lieberman Decl., Ex. A. Because Khokhlov possesses the largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.   Khokhlov Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

---

[1] *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001).

(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a *prima facie* showing that they meet [the requirements of] Rule 23". *Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997), and *Fischler v. AMSouth Bancorporation*, No. 96-1567-Civ-T-17A, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical [to] those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other

7

class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

The claims of Khokhlov are typical of those of the Class.  Khokhlov alleges, as do all Class members, that Defendants violated federal securities laws by making what they knew or should have known were false or misleading statements of material facts concerning the Company, or by omitting to state material facts necessary to make the statements they did make not misleading.  Khokhlov, as did all Class members, purchased Voyager securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

Khokhlov is an adequate representative for the Class.  There is no antagonism between the interests of Khokhlov and those of the Class, and his losses demonstrate that he has a sufficient interest in the outcome of this litigation.  Moreover, Khokhlov has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this

Action, and submits his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Further demonstrating his adequacy, Khokhlov has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Lieberman Decl., Ex. D.

### 4. Khokhlov Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Khokhlov as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interests of the class; or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The ability and desire of Khokhlov to fairly and adequately represent the Class has been discussed above. Khokhlov is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class. Accordingly, Khokhlov should be appointed Lead Plaintiff for the Class.

### B. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-

4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Khokhlov has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume.  *See* Lieberman Decl., Ex. E.  Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer.  *See id.*  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010.  *Id.*  Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company.  *See id.*  As a result of its extensive experience in similar litigation, Khokhlov's choice of counsel, Pomerantz, has the skill, knowledge, expertise, resources, and experience that will enable the firm to prosecute the Class's claims in this litigation effectively and expeditiously.  The Court may be assured that by approving Khokhlov's selection of Pomerantz as Lead Counsel, the Class members will receive the best legal representation available.  Thus, Khokhlov respectfully urges the Court to appoint Pomerantz to serve as Lead Counsel.

## CONCLUSION

For the foregoing reasons, Khokhlov respectfully requests that the Court issue an Order: (1) appointing Khokhlov as Lead Plaintiff for the Class; and (2) approving Pomerantz as Lead Counsel for the Class.

Dated:  March 24, 2021                                  Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
James M. LoPiano
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
jlopiano@pomlaw.com

*Counsel for Oleg Khokhlov and Proposed*
*Lead Counsel for the Class*

PORTNOY LAW FIRM
Lesley F. Portnoy, Esq.
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Oleg Khokhlov*

11