**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SELWYN KARP, Individually and On Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>   v.<br><br>VOYAGER THERAPEUTICS, INC., STEVEN M. PAUL, G. ANDRE TURENNE, JANE HENDERSON, ALLISON DORVAL, DINAH SAH, and OMAR KHWAJA,<br><br>            Defendants. | No. 2:21-cv-00381-ERK-AYS |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION TO TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

## TABLE OF CONTENTS

INTRODUCTION.................................................................................................................. 1

ARGUMENT....................................................................................................................... 1

I.      Plaintiff Could Have Brought this Action in the District of Massachusetts...................... 2

II.     Considerations of Convenience and Justice Substantially Weigh in Favor of Transfer to the District of Massachusetts........................................................................................ 2

        A.     The District of Massachusetts Is the More Convenient Forum for All Likely Witnesses. ......................................................................................................... 3

        B.     The District of Massachusetts Is the More Convenient Forum for the Parties....... 4

        C.     The Location of Relevant Documents Is Likely Massachusetts. ......................... 5

        D.     The Majority of the Operative Facts Occurred in Massachusetts. ....................... 5

        E.     Plaintiff's Choice of Forum Is Accorded Little Weight....................................... 6

CONCLUSION.................................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Blass v. Cap. Intern Sec. Grp.*,
No. 99-CV-5738 (FB), 2001 WL 301137 (E.D.N.Y. Mar. 23, 2001)............................4, 5, 6

*Chiarenza v. IBSG Int'l, Inc.*,
No. 09CV408RRMMDG, 2009 WL 10706707 (E.D.N.Y. Sept. 10, 2009).......................1, 3

*Connors v.* Lexington *Ins. Co.*,
666 F. Supp. 434 (E.D.N.Y. 1987)................................................................................. 6

*Eres N.V. v. Citgo Asphalt Refining Co.*,
605 F. Supp. 2d 473 (S.D.N.Y. 2009) ........................................................................... 4

*Excellent Home Care Servs., LLC v. FGA, Inc.*,
No. 13 CIV. 05390 ILG, 2014 WL 652357 (E.D.N.Y. Feb. 19, 2014)................................ 3

*In re Global Cash Access Holdings, Inc. Sec. Litig.*,
2008 WL 4344531 (S.D.N.Y. Sept. 18, 2008) ................................................................ 3

*In re Hanger Orthopedic Grp., Inc. Sec. Litig.*,
418 F. Supp. 2d 164 (E.D.N.Y. 2006)...........................................................................3, 4

*In re Nematron Corp. Secs. Litig.*,
30 F.Supp.2d 397 (S.D.N.Y. 1998)...............................................................................5, 6

*In re Stillwater Mining Co. Sec. Litig.*,
02 Cv. 2806 (DC), 2003 WL 21087953 (S.D.N.Y. May 12, 2003).................................... 4

*Neil Bros. Ltd. v. World Wide Lines, Inc.*,
425 F. Supp. 2d 325 (E.D.N.Y. 2006).............................................................................. 4

*O'Hopp v. ContiFinancial Corp.*,
88 F. Supp. 2d 31 (E.D.N.Y. 2000).................................................................................. 6

*Van Dusen v. Barrack*,
376 U.S. 612 (1964)...................................................................................................... 2

*Weinfeld v. Minor*,
No. 12-CV-6395 DLI MDG, 2014 WL 4954630 (E.D.N.Y. Sept. 30, 2014)........................ 4

**Federal Statutes**

28 U.S.C. § 1391(b)(2) ................................................................................................. 2

28 U.S.C. § 1404(a)..................................................................................................1, 4, 6

**State Statutes**

Mass. Gen. Laws ch. 223A § 2............................................................................... 2

Mass. Gen. Laws ch. 223A § 3............................................................................... 2

**Other Authorities**

Court. Federal Court Management Statistics—Comparison Within Circuit, 12-
    Month Period Ending March 31, 2020 (*available at*
    https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparis
    on0331.2020.pdf).............................................................................................. 3

**INTRODUCTION**

Pursuant to 28 U.S.C. § 1404(a), Defendants Voyager Therapeutics, Inc. ("Voyager" or the "Company"), Steven M. Paul, G. Andre Turenne, Jane Henderson, Allison Dorval, Dinah Sah, and Omar Khwaja ("Individual Defendants" and, together with Voyager, "Defendants") respectfully request that the Court transfer the above-captioned federal securities class action to the District of Massachusetts. Defendants' counsel has conferred with counsel for the Lead Plaintiff regarding this motion. Lead Plaintiff takes no position on this Motion to Transfer.

As explained below, the District of Massachusetts is the appropriate forum for this action, which arises from allegedly false and/or misleading statements that Voyager made concerning, *inter alia*, the Company's business, operations, and prospects with respect to the development of Voyager's clinical gene therapy candidate for the treatment of Huntington's Disease. Voyager's headquarters is in Massachusetts, the Individual Defendants reside in Massachusetts and/or work for Massachusetts-based employers, most of the potentially relevant documents and witnesses are located in Massachusetts, and this action has no relevant connection to New York. Because all relevant factors favor transfer, the Court should transfer this action to the District of Massachusetts.

**ARGUMENT**

Pursuant to 28 U.S.C. § 1404(a), a court may transfer a civil action "[f]or the convenience of parties and witnesses, [or] in the interest of justice . . . to any other district or division where it might have been brought." The purpose of transfer is to protect litigants, witnesses, and the public from a waste of time, energy, and resources. *Chiarenza v. IBSG Int'l, Inc.*, No. 09CV408RRMMDG, 2009 WL 10706707, at *3 (E.D.N.Y. Sept. 10, 2009) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). In considering whether to transfer a civil action, the Court must consider: (1) whether the transferee district is one in which the suit could

have originally been brought; and (2) whether transfer will serve the convenience of the parties and the witnesses and promote the interest of justice. *Id*.

## I. Plaintiff Could Have Brought this Action in the District of Massachusetts.

The District of Massachusetts is an appropriate and available venue because all named defendants are subject to personal jurisdiction in that forum. Voyager is a Delaware corporation with its principal place of business and headquarters in Cambridge, Massachusetts. *See* Compl. ¶ 15; Declaration of Scott B. Townsend in Support of Motion to Transfer ("Townsend Decl.") ¶ 3. The Individual Defendants who are current Voyager officers—G. Andre Turenne (the Company's Chief Executive Officer), Allison Dorval (the Company's Chief Financial Officer) and Dr. Omar Khwaja (the Company's Chief Medical Officer)—are based out of Voyager's Cambridge, Massachusetts headquarters, and all Individual Defendants either maintain their primary residence in Massachusetts or work for a Massachusetts-based employer. *See id*. ¶ 4; Mass. Gen. Laws ch. 223A § 2 ("A court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, this commonwealth as to any cause of action.").[1] Venue also is proper in the District of Massachusetts under 28 U.S.C. § 1391(b)(2) because a substantial part of the events allegedly giving rise to the claim occurred in the District of Massachusetts.

## II. Considerations of Convenience and Justice Substantially Weigh in Favor of Transfer to the District of Massachusetts.

In assessing whether transfer is an appropriate exercise of discretion, courts consider the following factors:

---

[1] *See also* Mass. Gen. Laws ch. 223A § 3 ("A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth…").

(1) the convenience of witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*In re Hanger Orthopedic Grp., Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 168 (E.D.N.Y. 2006). Although "[t]here is no *per se* rule requiring or presumptively favoring the transfer of a securities-fraud action to the district where the issuer is headquartered… as a practical matter, such transfers are routine." *Id.*   Here, all relevant factors favor transfer of the action to the District of Massachusetts, where Voyager is headquartered.[2]

A.   The District of Massachusetts Is the More Convenient Forum for All Likely Witnesses.

"Convenience of witnesses is usually the most important consideration in analyzing a motion to transfer under § 1404(a)." *Blass v. Cap. Intern Sec. Grp.*, No. 99-CV-5738 (FB), 2001 WL 301137, at *5 (E.D.N.Y. Mar. 23, 2001); *see also Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 329 (E.D.N.Y. 2006) ("The convenience of the witnesses is probably the

---

[2] Defendants submit that the fifth, sixth, seventh, and ninth factors are irrelevant to the analysis in the present case. The complaint does not tend to support that either New York or Massachusetts will be unable to compel the attendance of any witnesses or that litigating this action in Massachusetts would impose undue hardship on the Lead Plaintiff. "Federal courts throughout the nation are equally capable of applying federal securities laws." *Chiarenza v. IBSG Int'l, Inc.*, No. 09 CV 408 RRM MDG, 2009 WL 10706707, at *5 (E.D.N.Y. Sept. 10, 2009) (citing *In re Global Cash Access Holdings, Inc. Sec. Litig.*, 2008 WL 4344531, at *7 (S.D.N.Y. Sept. 18, 2008)).   The docket congestion of the District of Massachusetts does not materially differ from that of this Court.   Federal Court Management Statistics—Comparison Within Circuit, 12-Month Period Ending March 31, 2020 (*available at* https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison0331.2020.pdf).   In any event, docket congestion is entitled little weight. *Excellent Home Care Servs., LLC v. FGA, Inc*., No. 13 CIV. 05390 ILG, 2014 WL 652357, at *4 (E.D.N.Y. Feb. 19, 2014) ("[D]ocket congestion is relatively unimportant, especially if the difference in congestion between the two forums is minimal.").

single most important factor in the transfer analysis."). The District of Massachusetts is the more convenient forum for all likely witnesses. While no specific witnesses have been identified at this time, "in cases where, as here, Plaintiffs allege that certain documents contained false or misleading statements, the key witnesses are frequently 'officers and employees of [the issuer] who participated in drafting or distributing [those] statements.'" *Weinfeld v. Minor*, No. 12-CV-6395 DLI MDG, 2014 WL 4954630, at *3 (E.D.N.Y. Sept. 30, 2014) (quoting *In re Stillwater Mining Co. Sec. Litig.*, 02 Cv. 2806 (DC), 2003 WL 21087953, at *4 (S.D.N.Y. May 12, 2003)); *see, e.g.*, *In re Hanger Orthopedic Group*, 418 F. Supp at 168. These witnesses—namely, the Individual Defendants and other knowledgeable Voyager officers and employees—either reside in Massachusetts or work for Massachusetts-based employers. *See* Townsend Decl. ¶¶ 4-6. Moreover, the Complaint provides no suggestion that other witnesses would be inconvenienced by the requested transfer. Absent information tending to suggest that other witnesses would be inconvenienced by transfer to the District of Massachusetts, this factor favors transfer. *Eres N.V. v. Citgo Asphalt Refining Co.*, 605 F. Supp. 2d 473, 480 (S.D.N.Y. 2009) ("The convenience of witnesses who reside in neither the current nor the transferee forum is not relevant when considering a motion to transfer venue.").

B.    The District of Massachusetts Is the More Convenient Forum for the Parties.

The District of Massachusetts is, on balance, the far more convenient forum for the parties. The District of Massachusetts plainly is more convenient to Voyager and the Individual Defendants. Voyager is headquartered in Massachusetts and the Individual Defendants reside in Massachusetts or work for Massachusetts-based employers. *See* Townsend Decl. ¶¶ 3, 4. Transfer to the District of Massachusetts would therefore minimize the potential expense and inconvenience that these defendants might need to incur for purposes of attending court proceedings. By contrast, neither New York nor Massachusetts appears to be more convenient

4

for putative class members, as the complaint does not limit class membership to residency in New York or any other state. *See* Compl. ¶ 1. Accordingly, the convenience of the parties favors transfer to the District of Massachusetts. *Blass*, 2001 WL 301137, at *5 (finding the "convenience of the partiers weights in favor of transfer" where "plaintiffs allege[d] that the anticipated plaintiff class, numbering in the thousands, [was] geographically dispersed throughout the United States.") (citing *In re Nematron Corp. Secs. Litig*., 30 F.Supp.2d 397, 404 (S.D.N.Y. 1998) (finding residence of class representative in nationwide securities fraud class action is merely fortuitous).

C.      The Location of Relevant Documents Is Likely Massachusetts.

Although the location of relevant documents is not a significant factor, as a general matter, the favored forum for a securities class action is the one in which defendants issued the allegedly misleading SEC filings, press releases, and other public statements. *Blass*, 2001 WL 301137, at *6 ("Securities fraud litigation almost invariably involves production and review of a vast number of documents, almost all of which will be in the defendants' possession."). In this case, that forum is Massachusetts. *See* Townsend Decl. ¶ 6. Thus, this factor also favors transfer to the District of Massachusetts.

D.      The Majority of the Operative Facts Occurred in Massachusetts.

It is well-settled that "'[m]isrepresentations and omissions are deemed to 'occur' in the district where they are transmitted or withheld, not where they are received.'" *Blass*, 2001 WL 301137, at *5 (quoting *In re Nematron Corp. Secs. Litig*., 30 F.Supp.2d at 404); *see also O'Hopp v. ContiFinancial Corp.*, 88 F. Supp. 2d 31, 36 (E.D.N.Y. 2000) (transferring to jurisdiction in which defendant's headquarters was located, where allegedly false or misleading statements and filings were issued). Here, that forum is Massachusetts, the location of Voyager's headquarters. In contrast, the complaint does not allege that any relevant acts occurred in New York. *See*

5

*generally* Compl. (failing to allege any facts occurred in New York).  The location of the operative facts is Massachusetts, favoring transfer to the District of Massachusetts.

      E.      Plaintiff's Choice of Forum Is Accorded Little Weight.

"Even the plaintiff's choice of forum, which is generally given great deference, carries less weight in certain situations such as when a plaintiff seeks to represent a widely dispersed class."  *Connors v. Lexington Ins. Co.*, 666 F. Supp. 434, 454 (E.D.N.Y. 1987); *see also O'Hopp*, 88 F. Supp. 2d at 35 ("Another factor which weighs against giving any significance to plaintiffs' choice of forum is the fact that plaintiffs are seeking relief under the federal securities laws in a case that involves multiple putative class actions.").  Accordingly, the mere fact that the plaintiff initially filed this action in New York does not weigh against transfer, and indeed the Lead Plaintiff takes no position on the requested transfer.

## CONCLUSION

    For all of these reasons, Defendants respectfully request that the Court transfer the above-captioned action to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).

Dated: New York, New York
      April 21, 2021

                    Respectfully submitted,

                    /s/ Michael G. Bongiorno
                    Michael G. Bongiorno
                    **WILMER CUTLER PICKERING HALE AND DORR LLP**
                    7 World Trade Center
                    250 Greenwich Street
                    New York, New York 10007
                    Tel.: (212) 230-8800
                    Fax: (212) 230-8888
                    michael.bongiorno@wilmerhale.com

                    *Attorney for Defendants*

6